|   |   |
|---|---|
| 1 | Sally A. Odegard - 011646 (sodegard@hofklaw.com) |
| 2 | Larry J. Wulkan - 021404 (lwulkan@hofklaw.com) |
|   | Jesse M. Showalter - 026628 (jshowalter@hofklaw.com) |
| 3 | HOLLOWAY ODEGARD FORREST & KELLY, P.C. |
|   | 3101 North Central Avenue, Suite 1200 |
| 4 | Phoenix, Arizona 85012 |
|   | (602) 240-6670 |
| 5 | Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Shay Pendleton, a surviving parent of Jered Pendleton, deceased, and Personal Representative of the Estate of Jered Pendleton,<br><br>Plaintiff,<br><br>v.<br><br>City of Goodyear, an Arizona Body Politic; Brad Hardin and Jane Doe Hardin, husband and wife; John and Jane Does I-10,<br><br>Defendants. | Case No: CV 09-2213-PHX-MHM<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br>AND<br>JURY DEMAND |
|---|---|

The City of Goodyear and Goodyear Police Officer Bradley Hardin (collectively "the City"), for their answer to Plaintiff's complaint, admit, deny and allege as follows:

1.  The City makes no answer to the allegations contained in paragraph 1 of the complaint. These allegations are not directed towards, and seek no relief from, the City.

2.  The City admits that Plaintiff has alleged that she brings this action pursuant to Title 42 U.S.C. § 1983, and for violations of Arizona law. However, to the extent that the plaintiff contends that her complaint purports to state a valid cause of action against the City, the City denies the same.

3.  The City denies the allegations contained in paragraph 3 of the complaint. Plaintiff's cause of action accrued on April 6, 2008. Under A.R.S. § 12-821.01, Plaintiff had 180 days from accrual, or until October 6, 2008, in which to timely file her notice of claim. Additionally, she had one year, or until April 6, 2009, in which to timely file her

complaint. She complied with neither of the statutory deadlines, and her state law claims are therefore barred.

4. Responding to paragraph 4 of the complaint, the City admits that this court has jurisdiction over this matter.

5. Responding to paragraph 5 of the complaint, the City admits that venue is proper in this district.

## GENERAL ALLEGATIONS

6. The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

7. The City admits that it is a public entity that may be subject to, and may be held liable as permitted under, state and federal laws. The remaining allegations in paragraph 7 of the complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, the City denies each and every allegation which can be construed as imposing any liability against the City.

8. The City admits that Brad Hardin is a resident of Maricopa County and employed by the City of Goodyear as a Police Officer. The remaining allegations contained in paragraph 8 of the complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 8 of the complaint which could be construed against the City or interpreted to impose liability on the City.

9. Paragraph 9 of the complaint refers to fictitious individuals other than these answering defendants. Should a response be required, the City denies each and every allegation contained in paragraph 9 of the complaint which can be construed as imposing any liability against the City.

///

///

///

1 **FACTUAL BASIS OF CLAIMS FOR RELIEF**

2  10. The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

5  11. The City admits the allegations contained in paragraph 11 of the complaint.

6  12. Answering paragraph 12 of the complaint, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

9  13. The City admits the allegations contained in paragraph 13 of the complaint.

10  14. The City admits the allegations contained in paragraph 14 of the complaint.

11  15. The City admits the allegations contained in paragraph 15 of the complaint.

12  16. The City admits the allegations contained in paragraph 16 of the complaint.

13  17. The City admits the allegations contained in paragraph 17 of the complaint.

14  18. The City admits that while driving east bound on Yuma Road, Officer Hardin felt his vehicle hit a small object in the road at about Bullard Avenue. The City denies that Officer Hardin's vehicle hit, collided with, or ran over, Jered Pendleton. The remaining allegations in paragraph 18 of plaintiff's complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 18 of the complaint which could be construed against the City or interpreted to impose liability on the City.

21  19. The City denies the allegations contained in paragraph 19 of the complaint.

22  20. Answering paragraph 20 of the complaint, the city admits that Sergeant Castillo saw a person lying in the middle of the road and that he stopped his vehicle and exited. The City denies that Officer Castillo "did not render aid or check on the condition of the person." The City admits that Officer Castillo used his cellular telephone to dial 911 and request paramedics. As to the remaining allegations in paragraph 20, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

21. The City admits the allegations contained in paragraph 21 of the complaint.

22. The City admits the allegations contained in paragraph 22 of the complaint.

23. The City admits that Officer Castillo called Officer Hardin on his cell phone. The City denies the remaining allegations contained in paragraph 23 of the complaint.

24. The City admits that paramedics formally pronounced Jered dead upon their arrival at the scene. On information and belief, Jered was already dead when Officer Castillo discovered his body in the road.

25. The City admits the allegations contained in paragraph 25 of the complaint.

26. The City denies the allegations contained in paragraph 26 of the complaint.

27. The City denies the allegations contained in paragraph 27 of the complaint.

28. The City denies the allegations contained in paragraph 28 of the complaint.

29. The City denies the allegations contained in paragraph 29 of the complaint.

30. The City denies the allegations contained in paragraph 30 of the complaint.

31. The City denies the allegations contained in paragraph 31 of the complaint.

32. The City denies the allegations contained in paragraph 32 of the complaint.

33. The City denies the allegations contained in paragraph 33 of the complaint.

34. The allegations contained in paragraph 34 of the complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 34 of the complaint which could be construed against the City or interpreted to impose liability on the City.

35. The City admits that Terri Woodmansee filed a notice of claim against the City in March 2009, and affirmatively alleges that the content of the notice of claim speaks for itself. The City admits that Terri Woodmansee spoke with the media but is without knowledge of the substance of Woodmansee's communications with the media. The City denies the remaining allegations contained in paragraph 35 of the complaint.

36. The City admits that the Southwest Valley Republic published an article containing allegations attributed to Terri Woodmansee and affirmatively alleges that the

1  content of the article speaks for itself. The City denies the truth of Woodmansee's
2  allegations and denies all other allegations contained in paragraph 36 of the complaint.

3      37.    The City denies the allegations contained in paragraph 37 of the complaint.

4      38.    The City denies the allegations contained in paragraph 38 of the complaint.
5  Plaintiff's cause of action accrued on April 6, 2008. Under A.R.S. § 12-821.01, Plaintiff
6  had 180 days from accrual, or until October 6, 2008, in which to timely file her notice of
7  claim. Additionally, she had one year, or until April 6, 2009, in which to timely file her
8  complaint. She met neither of those deadlines, and her state law claims are therefore
9  barred by A.R.S. § 12-821.01.

## COUNT ONE

**(Wrongful Death – All Defendants)**

12      39.    The City repeats, realleges, and incorporates each and every admission,
13  denial, averment, and statement in previous paragraphs of this answer as if fully set forth
14  herein.

15      40.    The City denies the allegations contained in paragraph 40 of the complaint.

16      41.    The City denies the allegations contained in paragraph 41 of the complaint.

## COUNT TWO

**(Negligence – All Defendants)**

19      42.    The City repeats, realleges, and incorporates each and every admission,
20  denial, averment, and statement in previous paragraphs of this answer as if fully set forth
21  herein.

22      43.    The allegations contained in paragraph 43 of the complaint contain legal
23  conclusions to which no responsive pleading is required. The City denies each and every
24  allegation contained in paragraph 43 of the complaint which could be construed against
25  the City or interpreted to impose liability on the City.

26      44.    The allegations contained in paragraph 44 of the complaint contain legal
27  conclusions to which no responsive pleading is required. The City denies each and every

1   allegation contained in paragraph 44 of the complaint which could be construed against
2   the City or interpreted to impose liability on the City.

3        45.    The allegations contained in paragraph 45 of the complaint contain legal
4   conclusions to which no responsive pleading is required.  The City denies each and every
5   allegation contained in paragraph 45 of the complaint which could be construed against
6   the City or interpreted to impose liability on the City.

7        46.    The City denies the allegations contained in paragraph 46 of the complaint.

8        47.    The allegations contained in paragraph 47 of the complaint contain legal
9   conclusions to which no responsive pleading is required.  The City denies each and every
10  allegation contained in paragraph 47 of the complaint which could be construed against
11  the City or interpreted to impose liability on the City.

12       48.    The City denies the allegations contained in paragraph 48 of the complaint.

13       49.    The City denies the allegations contained in paragraph 49 of the complaint.

14  **COUNT THREE**
15  **(Gross Negligence – All Defendants)**

16       50.    The City repeats, realleges, and incorporates each and every admission,
17  denial, averment, and statement in previous paragraphs of this answer as if fully set forth
18  herein.

19       51.    The allegations contained in paragraph 51 of the complaint contain legal
20  conclusions to which no responsive pleading is required.  The City denies each and every
21  allegation contained in paragraph 51 of the complaint which could be construed against
22  the City or interpreted to impose liability on the City.

23       52.    The allegations contained in paragraph 52 of the complaint contain legal
24  conclusions to which no responsive pleading is required.  The City denies each and every
25  allegation contained in paragraph 52 of the complaint which could be construed against
26  the City or interpreted to impose liability on the City.

27       53.    The allegations contained in paragraph 53 of the complaint contain legal
28  conclusions to which no responsive pleading is required.  The City denies each and every

allegation contained in paragraph 53 of the complaint which could be construed against the City or interpreted to impose liability on the City.

54. The City denies the allegations contained in paragraph 54 of the complaint.

55. The allegations contained in paragraph 55 of the complaint contain legal conclusions to which no responsive pleading is required.  The City denies each and every allegation contained in paragraph 55 of the complaint which could be construed against the City or interpreted to impose liability on the City.

56. The City denies the allegations contained in paragraph 56 of the complaint.

57. The City denies the allegations contained in paragraph 57 of the complaint.

58. The City denies the allegations contained in paragraph 58 of the complaint.

## COUNT FOUR

### (Tortious Conspiracy – All Defendants)

59. The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

60. The allegations contained in paragraph 60 of the complaint contain legal conclusions to which no responsive pleading is required.  The City denies each and every allegation contained in paragraph 60 of the complaint which could be construed against the City or interpreted to impose liability on the City.

61. The City denies the allegations contained in paragraph 61 of the complaint.

62. The City denies the allegations contained in paragraph 62 of the complaint.

## COUNT FIVE

### (Aiding and Abetting – The City)

63. The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

64. The City denies the allegations contained in paragraph 64 of the complaint.

1   65.   The City denies the allegations contained in paragraph 65 of the complaint.

2   66.   The City denies the allegations contained in paragraph 66 of the complaint.

3   67.   The City denies the allegations contained in paragraph 67 of the complaint.

## COUNT SIX

### (Violations of 42 U.S.C. § 1983: Deliberate Indifference & Intent to Injure – Defendant Hardin)

68.   The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

69.   The allegations contained in paragraph 69 of the complaint contain legal conclusions to which no responsive pleading is required.  The City denies each and every allegation contained in paragraph 69 of the complaint which could be construed against the City or interpreted to impose liability on the City.

70.   The City denies the allegations contained in paragraph 70 of the complaint.

71.   The City denies the allegations contained in paragraph 71 of the complaint.

72.   The City denies the allegations contained in paragraph 72 of the complaint.

73.   The City denies the allegations contained in paragraph 73 of the complaint.

74.   The City denies the allegations contained in paragraph 74 of the complaint.

## COUNT SEVEN

### (Violations of 42 U.S.C. § 1983: Unconstitutional Policies, Customs, and Failure to Train – The City)

75.   The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

76.   The City admits that it is a municipal entity and that Plaintiff has alleged that she brings this action pursuant to Title 42 U.S.C. § 1983.  However, to the extent that the plaintiff contends that her complaint purports to state a valid cause of action under Title 42 U.S.C. § 1983 against the City, the City denies the same.

77. The allegations contained in paragraph 77 of the complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 77 of the complaint which could be construed against the City or interpreted to impose liability on the City.

78. The allegations contained in paragraph 78 of the complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 78 of the complaint which could be construed against the City or interpreted to impose liability on the City.

79. The allegations contained in paragraph 79 of the complaint contain legal conclusions to which no responsive pleading is required. The City denies each and every allegation contained in paragraph 79 of the complaint which could be construed against the City or interpreted to impose liability on the City.

80. The City denies the allegations contained in paragraph 80 of the complaint.

81. The City denies the allegations contained in paragraph 81 of the complaint.

82. The City denies the allegations contained in paragraph 82 of the complaint.

83. The City denies the allegations contained in paragraph 83 of the complaint.

84. The City denies the allegations contained in paragraph 84 of the complaint.

## COUNT EIGHT

**(Conspiracy to Commit Violations of 42 U.S.C. § 1983 – All Defendants)**

85. The City repeats, realleges, and incorporates each and every admission, denial, averment, and statement in previous paragraphs of this answer as if fully set forth herein.

86. The City denies the allegations contained in paragraph 86 of the complaint.

87. The City denies the allegations contained in paragraph 87 of the complaint.

88. The City denies the allegations contained in paragraph 88 of the complaint.

89. The City makes no answer to the allegations contained in paragraph 89 of the complaint. These allegations are not directed towards, and seek no relief from, the City.

90. The City intends by the foregoing to have responded to each and every allegation, averment, or statement in the plaintiff's complaint. To the extent that any allegation, averment, or statement is deemed not to have been answered, it is hereby denied by the City.

**AFFIRMATIVE AND OTHER DEFENSES**

91. Plaintiff's complaint fails to state a claim upon which relief may be granted.

92. None of Plaintiff's alleged injuries were proximately caused by the City.

93. The City is entitled to all privileges and immunities extended to governmental entities and employees under federal and state law.

94. Plaintiff's injuries were directly or proximately caused, in whole or in part, by acts or omissions of other parties, named and unnamed, and the City's liability to Plaintiff, if any, should be apportioned, denied or reduced in accordance with each party and non-party's degree of fault, or responsibility, pursuant to A.R.S. § 12-2506.

95. Plaintiff's claims may be barred by the appropriate statutes of limitations, and pursuant to A.R.S. § 12-821 and 12-821.01.

96. Pursuant to A.R.S. § 12-820.04, the City is not liable for punitive or exemplary damages for any state common law claims.

97. The City asserts the privileges and immunities set forth in A.R.S. § 12-820, *et. seq.*, including A.R.S. § 12-820.05.

98. The City is entitled to qualified immunity.

99. The City alleges that it did not act with deliberate indifference to the constitutional rights of Plaintiff.

100. Plaintiff's constitutional rights were not violated by these answering defendants.

101. Defendant City of Goodyear is not subject to liability under 42 U.S.C. § 1983 as Plaintiff's complaint fails to comply with the provisions of *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

102. During the course of this litigation, the City may discover facts which support one or more of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, or as otherwise allowed by law and, in order to avoid waiving said defenses, the City incorporates them herein.

## **JURY DEMAND**

103. Pursuant to Rule 38, Federal Rules of Civil Procedure, the City demands a trial by jury.

WHEREFORE, having fully answered the complaint, the City hereby requests the court to:

A. Dismiss the complaint with prejudice with Plaintiff taking nothing thereby,

B. Award the City its costs of suit and attorney's fees under any applicable statute, and,

C. Grant such other and further relief as this court deems just and equitable.

DATED this 9th day of June, 2010.

HOLLOWAY ODEGARD FORREST & KELLY, P.C.


By  s/Sally A. Odegard
    Sally A. Odegard
    Larry J. Wulkan
    Jesse M. Showalter
    3101 North Central Avenue, Suite 1200
    Phoenix, Arizona  85012
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of June, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian R. Warnock, Esq.
John T. White, Esq.
WARNOCK, MACINLAY & CARMAN, PLLC
2525 East Camelback Road, Suite 900
Phoenix, Arizona  85016
Attorneys for Plaintiff


s/ Stephanie L. Dolfini