1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shay Pendleton, | No. CV 09-2213-PHX-MHM |
| Plaintiff, | |
| vs. | **ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |
| City of Goodyear, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **July 15, 2010 at 2:00 p.m.** in Courtroom 505, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.   In preparation for this Case Management Conference, it is hereby Ordered as follows:

A.    <u>Initial Disclosures</u>

The parties must provide initial disclosures in the form and on the schedule required by Federal Rule of Civil Procedure 26(a)(1).  The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures should not be filed.

B.    <u>Rule 26(f) Meeting and Case Management Report</u>

The parties are directed to meet and confer at least 10 days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f).  At this meeting the parties must develop a **joint** Case Management Report that contains the following information in separately numbered paragraphs:

1.    The parties who attended the Rule 26(f) meeting and assisted in developing the

Case Management Report;

2.      A list of all of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.      A short statement of the nature of the case (**three pages or less**), including a description of each claim and defense;

4.      The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes;[1]

5.      Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6.      A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline of not later than 60 days after the Case Management Conference to join parties or amend pleadings);

7.      A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8.      Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

9.      The status of any related cases pending before other courts or other judges in this Court;

---

[1] If jurisdiction is based on diversity of citizenship, then the report must include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. See 28 U.S.C. §1332(c); Indus. Tectonics v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990); Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

10.    A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures;

11.    A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms by which it should be produced (see Rules 16(b)(5), 26(f)(3));

12.    A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(6), 26(f)(4));

13.    A discussion of necessary discovery, including:

    a.    The extent, nature, and location of discovery anticipated by the parties;

    b.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;

    c.    The number of hours permitted for each deposition, unless extended by agreement of the parties.

14.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a.    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    b.    A deadline for completion of all expert depositions;

    c.    A deadline for the completion of fact discovery;[2]

    d.    A deadline for filing dispositive motions.

15.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

---

[2]  The discovery deadline is the date by which all discovery must be completed.  Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.  Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

16.     The estimated length of trial and any suggestions for shortening the trial;

17.     The prospects for settlement, including any request to the Court for assistance in settlement efforts;

18.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties must **jointly** file the Case Management Report with the Clerk <u>not less than seven days</u> before the Case Management Conference.  It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report. Defendant(s) must promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

C.     <u>Case Management Conference and Order</u>

The Court directs counsel to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for each party must appear and participate in the Case Management Conference if they office in Maricopa County.  All counsel who office outside Maricopa County must advise the Court <u>three days prior</u> to this Conference if they plan to participate by telephone, otherwise they will be expected to personally appear.  Counsel appearing for the Case Management Conference shall have authority to enter into stipulations regarding all matters that may be discussed.  A continuance of the Case Management Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure 16(b).

During or after the Case Management Conference the Court will enter a Case Management Order.  The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judges & Courtrooms/Orders, Forms & Procedures/Judge Murguia.  **The Court fully intends to enforce the deadlines in the Case Management Order.  No extensions to the dispositive motions cutoff date will be granted due to case processing problems, discovery disputes, or settlement negotiations. The parties should plan their litigation activities accordingly**.

1  D.      Corporate Disclosure Statement

2          Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, any nongovernmental

3  corporate party to an action or proceeding must file a Corporate Disclosure Statement.  If not

4  previously filed, the Court directs any nongovernmental corporate party to file its Corporate

5  Disclosure Statement within 10 days of receipt of this Order.  Forms are available on the

6  Court's website.

7  E.      Other Matters

8          Counsel for all parties are expected to comply fully with the Federal and Local Rules

9  of Civil Procedure and to minimize the expense of discovery.  Counsel must also abide by

10  the Court's "Rules of Practice in Civil Cases," which can be found on the Court's website

11  at www.azd.uscourts.gov under Judges & Courtrooms/Orders, Forms & Procedures/Judge

12  Murguia.  All pleadings must comply with Local Rules of Civil Procedure 7.1 and 7.2.

13          The Clerk of the Court shall send copies of this Order to all counsel of record and to

14  any parties appearing in propria persona.

15          DATED this 16th day of June, 2010.

16

17

18  _____

19                     Mary H. Murguia
                  United States District Judge

20

21

22

23

24

25

26

27

28