**WARNOCK, MACKINLAY & CARMAN, PLLC**
7135 E. Camelback Road, Suite F240
Scottsdale, Arizona 85251
Tel: (602) 381-6669
Fax: (602) 381-6560
Email: jwhite@lawwmc.com
Brian R. Warnock (Bar No. 012400)
John T. White (Bar No. 022091)
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SHAY PENDLETON, a surviving parent of JERED PENDLETON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR, an Arizona Body Politic; BRAD HARDIN and JANE DOE HARDIN, husband and wife; JOHN and JANE DOES I-10,<br><br>Defendants. | No. CV 09-2213-PHX-JWS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE DEFENDANTS' FIFTH SUPPLEMENTAL DISCLOSURE**<br><br>(Assigned to the Honorable John W. Sedwick) |

Plaintiff, Shay Pendleton, hereby files this Reply in support of her Motion to Strike Defendants' Fifth Supplemental Disclosure. Defendants' Response offers no substantive explanation or justification for the untimely disclosure. That silence is a tacit admission that its disclosure was untimely and should be stricken. Instead, Defendants argue that the Court's order precludes evidentiary objections set forth in a motion to strike and that Defendants' response is "harmless." For the reasons set forth in Plaintiff's Motion, the disclosure was not harmless and its untimely production months after disclosure leaves Plaintiff handcuffed for trial on an issue for which Defendants never timely disclosed any basis. Moreover, Plaintiff's Motion does not merely assert an evidentiary objection, but asks this Court to strike an untimely

disclosure for which Defendants offer no good cause or reasonable explanation. Given how long it appears Defendants possessed such information and intentionally failed to disclose it, Plaintiff is further concerned about any attempt by Defendants to introduce such an explanation even if the disclosure is stricken. And for good reason, Defendants' Response makes it clear that Officer Hardin intends to now testify about his previously unexplained absence from work, even though Defendants did not timely disclose that as part of his testimony.

It is interesting how Defendants can, on the one hand, ignore those orders in this case concerning the timing of disclosures and the rules requiring timely supplementation and, on the other hand, use this Court's orders as a shield to argue that Plaintiff should be precluded from raising any objection in the form of the Motion. Defendants cannot have it both ways. For all the reasons set forth in the Motion, this Court should strike Defendants' untimely disclosure. Plaintiff, respectfully, requests that it do so at this time, so the parties can streamline other issues for their trial preparation.

RESPECTFULY SUBMITTTED this 22nd day of May, 2012.

**WARNOCK, MACKINLAY & CARMAN, PLLC**

By: s/ John T. White
Brian R. Warnock
John T. White
7135 E. Camelback Road, Suite F240
Scottsdale, Arizona 85251
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2012, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

The following ECF participants:

>Sally Odegard
>Jesse M. Showalter
>Holloway Odegard & Kelly, P.C.
>3101 N. Central Avenue, Suite 1200
>Phoenix, Arizona 85012

By: s/ Rachel V. Sanders